United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Aligned Bayshore Holdings, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-21692-Civ-Scola |
| | ) | |
| Westchester Surplus Lines | ) | |
| Insurance Company, Defendant. | ) | |

## Order on Defendant's Motion to Dismiss Count II of the Amended Complaint and Motion to Strike

Plaintiff Aligned Bayshore Holdings, LLC ("Aligned") claims Westchester Surplus Lines Insurance Company ("Westchester") breached an insurance contract by failing to cover damages it suffered as a result of Hurricane Irma. Aligned alleges two claims in its Amended Complaint (ECF No. 6): (1) a breach of contract claim, and (2) a bad faith claim under Fla. Stat. § 624.155. Now before the Court is Westchester's motion to dismiss the bad faith claim (Count II) and to strike in its entirety, or portions of, paragraphs 11, 12, 13, 18, and 19 of the Amended Complaint (ECF No. 20). Upon review of the parties' briefs, the record, and the relevant legal authorities, the Court **grants in part** and **denies in part** Westchester's motion (**ECF No. 20**).

## I.      Background

Westchester issued an insurance policy to Aligned that provided coverage for Aligned's windstorm and flood damage claims, including physical damage and business interruption. (Am. Compl., ECF No. 20 at ¶ 6–7). On September 10, 2017, Aligned sustained losses due to the impacts of Hurricane Irma. (*Id.* at ¶ 8.) Aligned notified Westchester of its losses, *see id.* at ¶ 9, but Westchester did not promptly pay all covered losses to Aligned. (*See, e.g., id.* at ¶ 18.)

Aligned alleges in its breach of contract claim that Westchester willfully misinterpreted the insurance policy to minimize its payment obligations and improperly relied on an unverified Statement of Values. (*See id.* at ¶ 19–20.) Aligned alleges in its bad faith claim that Aligned afforded Westchester the 60-day safe harbor period required under Fla. Stat. § 624.155 to cure its violations and Westchester made only partial payment on some of Aligned's claims. (*Id.* at

¶ 25.) Aligned claims that Westchester willfully delayed the investigation, adjustment, and payment of its claims, and that the payments Westchester ultimately made were knowingly inadequate. (*Id.* at ¶ 27.)

In its present motion, Westchester asks the Court to dismiss Aligned's bad faith claim (Count II), claiming that it is premature since coverage has not yet been determined. (Motion, ECF No. 20.) Westchester further requests that the Court strike paragraphs 12 and 13 because they pertain solely to the bad faith claim and that the Court strike portions of paragraphs 11, 18, and 19 because they include "immaterial, impertinent and/or scandalous information." (*Id.* at 7–8.) Aligned responded to Westchester's motion (ECF No. 23), to which Aligned replied (ECF No. 24).

## II.    Legal Standards

### A. Motion to Dismiss Standard

Courts considering a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if he or she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### B. Motion to Strike Standard

Under Federal Rule of Civil Procedure 12(f), the district court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). Rule 12(f) motions to strike based on any of the latter reasons are not favored, and are often considered "purely cosmetic or time wasters, and are regularly denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Kenneth F. Hackett &*

*Assocs., Inc. v. GE Capital Info. Tech. Sols., Inc.*, 744 F. Supp. 2d 1305, 1309 (S.D. Fla. 2010) (Altonaga, J.) (internal quotation marks and citations omitted). Striking a pleading or a portion thereof "is a drastic remedy to be resorted to only when required for the purposes of justice." *Porcelanas Florencia, S.A. v. Carribean Resort Suppliers, Inc.*, No. 06-22139-CIV-COOKE/BROWN, 2007 WL 171590, at *1 (S.D. Fla. Jan. 18, 2007) (quoting *Augustus v. Bd. of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir.1962)). The decision to do so is committed to the district court's "broad discretion." *Id.*

### III.  Analysis

#### A. Motion to Dismiss Count II of the Amended Complaint

Westchester argues that Aligned's bad faith claim is premature because there has not yet been a determination of liability against it or a determination of entitlement to damages. Aligned does not contest that its bad faith claim is premature. Instead, Aligned posits that its bad faith claim should be abated rather than dismissed.

Actions against insurers for bad faith under Fla. Stat. § 624.155 do not accrue until the insured's underlying claim for insurance benefits is resolved. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). Premature bad faith claims based on Fla. Stat. § 624.155 may be either abated or dismissed at the discretion of the trial court. *Laxman v. Safeco Ins. Co. of Ill.*, No. 2:14-cv-14413-RNR, 2015 WL 845582 at *2 (citing *Landmark Am. Ins. Co. v. Studio Imports, Ltd.*, 76 So. 3d 963, 964–65 (Fla. 4th DCA 2011)).

This Court recently considered whether a premature bad faith claim under Fla. Stat. § 624.155 should be dismissed or abated in *Garcia v. Scottsdale Insurance Co.*, No. 18-20509-CIV-SCOLA, 2018 WL 3232702 (S.D. Fla. July 16, 2018). In that case, much like Westchester here, the defendant-insurer relied on principles of judicial economy to argue that the plaintiff's bad faith claim should be abated rather than dismissed. This Court found that bringing a premature bad faith claim is contrary to the Federal Rules of Civil Procedure as explained in *Fantecchi v. Hartford Ins. Co. of the Midwest*, No. 15-23969-CIV-ALTONAGA, 2015 WL 12516629 (S.D. Fla. Nov. 24, 2015) (Altonaga, J.), and dismissed the bad faith claim. *Garcia*, 2018 WL 3232702, at *4. The Court finds the same result is warranted here. The Court adds that dismissal is appropriate for jurisdictional reasons as well since this Court lacks jurisdiction over claims that are not yet ripe. *Evedon v. USAA Cas. Ins. Co.*, No. 15-22139-CIV, 2016 WL 4083013, at *2 (S.D. Fla. Jan. 19, 2016) (Lenard, J.) ("And while this Court recognizes the administrative benefits of staying or abating the bad faith claim, these concerns cannot override constitutional

commands limiting the jurisdiction of federal courts."); *see also Novak v. Safeco Ins. Co. of Illinois,* 94 F. Supp. 3d 1267, 1269 (M.D. Fla. 2015) (denying motion to amend complaint to add bad faith claim because the plaintiff's bad faith claim was not yet ripe and the court "would be required to dismiss the claim without prejudice for want of subject-matter jurisdiction"). Accordingly, the Court **dismisses without prejudice** Aligned's bad faith claim (Count II).

### B. Motion to Strike

Westchester asks the Court to strike paragraphs 12 and 13 of the Amended Complaint because they pertain solely to Aligned's bad faith claim and will prejudice Westchester if presented to a jury. Relatedly, Westchester requests that the Court strike the Civil Remedy Notice (ECF No. 1-4), which is referenced in paragraph 12 of, and attached to, the Amended Complaint. Westchester also requests that certain terms and phrases be stricken from paragraphs 11, 18, 19 of Aligned's breach of contract claim because it contends that these portions of the Amended Complaint are routinely used in bad faith claims and are "immaterial, impertinent and/or scandalous" as used by Aligned. Aligned argues in response that these allegations should not be stricken because they provide relevant factual background for its breach of contract claim and may be material to Westchester's defenses.

Upon review of the parties' arguments and the relevant legal authorities, the Court declines Westchester's invitation to strike any of the allegations requested and the related Civil Remedy Notice. Westchester has only provided the Court with a vague assertion that the inclusion of the allegations and possible introduction of them to the jury at trial would be prejudicial without any explanation or citations to authority on this point. Without more, the Court is unpersuaded that Westchester will be prejudiced by the retention of these factual allegations. *See Wilshire Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-23806-CIV, 2013 WL 12092532, at *7 (S.D. Fla. Apr. 10, 2013) (Torres, Mag. J.) ("We are persuaded that there is no harm in retaining factual allegations of bad-faith in a non-bad-faith action."). The Court will allow Aligned's general allegations and breach of contract claim to proceed as drafted, *see Se. Distributors, Inc. v. United Specialty Ins. Co.*, No. 16-24549-CIV, 2017 WL 960300, at *7 (S.D. Fla. Mar. 13, 2017) (Simonton, Mag. J.), but if at trial Aligned relies on facts that Westchester believes are irrelevant, it may raise the appropriate objection at that time. *Wilshire Condo. Ass'n, Inc.*, 2013 WL 12092532, at *7 ("The references to 'bad-faith,' if raised at trial, may be objectionable for relevance. However, at this point, the Court can overlook any bad faith allegations.").

## IV.    Conclusion

Accordingly, the Court **grants** Westchester's motion to the extent it seeks dismissal of Count II of Aligned's Amended Complaint and **denies** the motion to extent Westchester asks the Court to strike certain allegations and documents from the record. The Court **dismisses without prejudice Count II** of the Amended Complaint (ECF No. 6).

**Done and ordered** at Miami, Florida, on December 10, 2018.

_____
Robert N. Scola, Jr.
United States District Judge