**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 18-21692-CV-SCOLA/TORRES

ALIGNED BAYSHORE HOLDINGS, LLC,

    Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER ON DEFENDANT'S MOTION TO AMEND**

This matter is before the Court upon a Motion to Amend/Correct an Inadvertent Statement made in the Amended Answer, Affirmative Defenses, and Demand for Jury Trial filed by Defendant WESTCHESTER SURPLUS LINES INSURANCE COMPANY on May 3, 2019. [D.E. 65]. Plaintiff ALIGNED BAYSHORE HOLDINGS, LLC filed its Response on May 17, 2019, [D.E. 72], and Defendant's Reply followed on May 24, 2019. [D.E. 78]. Having reviewed the Motion, Response, Reply, the relevant authorities and the record before us, we find that Defendant's Motion is **DENIED**.

### *I.    BACKGROUND*

Plaintiff initially filed this action on April 27, 2018, and Defendant answered the Complaint on July 16, 2018. [D.E. 21]. On August 10, 2018, Defendant filed an Amended Answer and Affirmative Defenses. [D.E. 27]. The Court issued a Scheduling

Order setting September 17, 2018 as the deadline to amend pleadings. [D.E. 29]. Defendant's Motion to Amend [D.E. 65], filed on May 3, 2019, seeks to amend certain paragraphs and affirmative defenses contained in Defendant's Amended Answer [D.E. 27].

Defendant contends that certain statements included in the Amended Answer were made "inadvertently" and are inaccurate. [D.E. 65]. Defendant argues that its request is not dilatory because it was made aware of the error by Plaintiff's Response in Opposition to Defendant's Motion for Partial Summary Judgement and promptly sought leave to amend. *Id*. Defendant further argues that leave to amend should be granted because Plaintiff would not be prejudiced by the correction, as the statement was already disproved during discovery. *Id*. Plaintiff opposes the Motion on the basis that Defendant fails to show good cause required by Rule 16 of the Federal Rules of Civil Procedure and because Defendant's undue delay in seeking the amendment materially prejudices Plaintiff. [D.E. 72].

## II. ANALYSIS

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend his pleadings with the written consent of the opposing party or the court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) states that the court "should freely give leave [to amend] when justice so requires." *Id*. Denial of leave to amend must be justified by an apparent or declared reason. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that justifiable reasons include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

2

undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

However, once the court's deadline to amend pleadings passes, an amendment requires a modification of the court's scheduling order. Fed. R. Civ. P. 16(b). A schedule may only be modified if the requesting party establishes "good cause" and receives the judge's consent. Fed. R. Civ. P. 16(b)(4); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."). The good cause standard precludes modification unless the schedule cannot be met despite the diligence of the requesting party. Fed. R. Civ. P. 16 Advisory Committee Notes to 1983 Amendment; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

Here, Defendant claims that the request to amend is not dilatory or in bad faith because it did not become aware of the mistake until it noticed that the "misstatement" had been referenced in summary judgment filings. [D.E. 78, p. 3]. It then acted promptly in seeking leave to correct the misstatement. *Id.* Defendant summarily concludes that the amendment is therefore supported by good cause. [D.E. 78, p. 4].

We disagree. A review of the record makes it clear that Defendant's failure to amend the misstatement before the scheduling deadline resulted from a lack of

3

diligence, and that therefore no good cause supports the amendment request at this stage of the proceeding.[1] Defendant only relies on the conclusion that there was no bad faith or dilatory motive in filing its request after the summary judgement motions were briefed. [D.E. 78, p. 3]. However, this argument fails to establish that Defendant could not have met the schedule despite its diligence, and thus fails to establish good cause. *See* Fed. R. Civ. P. 16 Advisory Committee Notes to 1983 Amendment.

Further, Defendant admits that it possessed the "operative Schedule of Values" on file that differed from the one included in the "Commercial Insurance Application." [D.E. 78, p. 3]. In addition, testimony revealed that Defendant possessed the Commercial Insurance Application in 2017. [D.E. 47-4, p. 62:24-63:2]. As such, Defendant should have known the difference between the two Schedules – both before the commencement of the lawsuit and prior to filing its Amended Answer – in which Defendant misstated that the operative Schedule of Values was included in the Commercial Insurance Application. [D.E. 27].

Because Defendant was in possession of the information necessary to amend its Amended Answer prior to the Scheduling Order deadline, and because Defendant fails to argue why it satisfies Rule 16(b) otherwise, Defendant's failure to comply with the deadline is a result of its lack of diligence. Tus, the amendment request is not

---

[1] Defendant failed to cite Rule 16(b) and fails to directly argue that there is good cause for the amendment. *United Natl' Ins. Co. v. Owl's Nest of Pensacola Beach, Inc.*, 2006 WL 1653380 at *2 (N.D. Fla. June 8, 2006) (denying the motion to amend where the party failed to establish that it acted diligently in pursuing its motion to amend by neither citing Rule 16(b) nor directly arguing that they had good cause based on the facts).

4

supported by good cause. *Sosa*, 133 F.3d at 1419 (finding that the plaintiff's motion was not supported by good cause because of her lack of diligence in pursuing and amending her claim despite being in possession of the necessary information even before filing suit); *Saewitz v. Lexington Ins. Co.*, 133 F. App'x 695, 700 (11th Cir. 2005) (holding that the district court did not err in denying leave to amend for lack of good cause because the defendant knew of and had documentation supporting the amendment before litigation even began).

Even if Defendant could satisfy Rule 16(b), leave to amend would nevertheless still be denied as a result of Defendant's undue delay in filing its motion. *See Foman*, 371 U.S. at 182 (stating that "undue delay" may be a justifiable reason for denying leave). As both parties point out, depositions conducted in January of 2019 revealed the issue about the Schedule of Values in the Commercial Insurance Application that Defendant argues should support the granting of its Motion. Defendant should have been made aware of its mistake then, yet it failed to promptly file the instant motion at that time, doing so only after summary judgement motions had been fully briefed.

As a result, we find that granting Defendant leave to amend at this stage would greatly prejudice Plaintiff. *See id*. (stating that "undue prejudice to the opposing party by virtue of allowance of the amendment" may be a justifiable reason for denying leave). Plaintiff relied on the misstated paragraphs in its Opposition to Defendant's Motion for Partial Summary Judgement, and granting the Motion now might require the possible re-opening of discovery, a re-filing of the summary judgment motions, and a continuance of the trial. We are not prepared to take such a course of action

5

here. *See Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (holding that the district court did not err in denying the motion to amend that came after the close of discovery because the amendment would have caused the defendant undue prejudice); *Jennings v. BIC Corp.*, 181 F.3d 1250, 1258 (11th Cir. 1999) (holding that the district court did not err in denying leave to amend because of undue delay where the motion to amend was filed two months before trial and five months after the deadline to amend pleadings).

### III. CONCLUSION

Because Defendant failed to meet its burden in demonstrating good cause under Rule 16 of the Federal Rules of Civil Procedure , it is hereby **ORDERED** that Defendant's Motion [D.E. 65] be **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 3rd day of June, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge