United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Aligned Bayshore Holdings, LLC, Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 18-21692-Civ-Scola |
| Westchester Surplus Lines Insurance Company, Defendant. | ) ) ) | |

**Order on Plaintiff's Motion for Reconsideration**

This matter is before the Court on Plaintiffs' motion for reconsideration and motion to vacate judgment. (ECF No. 89.) The Defendants responded (ECF No. 93) and the Plaintiffs timely replied (ECF No. 95). Having considered the parties' arguments, the record, and the relevant legal authority, the Court **grants in part and denies in part** the Plaintiffs' motion. (**ECF No. 89**.)

**I.   Background**

Westchester issued an insurance policy to Aligned that provided coverage for Aligned's windstorm and flood damage claims, including physical damage and business interruption to both Monty's Restaurant (the building) and the marina area. (ECF No. 48 at ¶ 2). On September 10, 2017, Aligned sustained losses due to the impacts of Hurricane Irma. (*Id.* at ¶ 3.) Aligned notified Westchester of its losses, but claims Westchester did not promptly pay all covered losses to Aligned. (ECF No. 6 at ¶¶ 9-11.) Aligned alleges that its damages exceeds $15.5 million, with the majority of the damage sustained to the marina. (ECF No. 49 at ¶ 35.) Westchester has paid over $3 million in insurance claims to Aligned. (ECF No. 48 at 4.)

Aligned's position is that the insurance policy provides $10 million in blanket flood damage coverage. This $10 million flood coverage is not subject to a statement of values. Aligned alleges in its breach of contract claim that Westchester willfully misinterpreted the insurance policy by improperly relying on an unverified statement of values to cap its coverage. (*See id.* at ¶ 19–20.) Westchester maintains that it properly interpreted the contract based on the statement of values on file and has paid out the policy maximum under the insurance policy's flood coverage. (ECF No. 48 at 1.) Aligned argues that *if* the Court were to find that a statement of values applies, the correct statement of values is the one attached to Aligned's insurance application. (ECF No. 54 at 11.)

The parties cross-moved for summary judgment. (ECF Nos. 48 and 49.) The Court granted summary judgment in favor of Westchester and found that a statement of values applies to the flood coverage under the insurance policy and that the statement of values on file with Westchester governs. Aligned now moves for reconsideration and asks the Court to vacate the final judgment entered in favor of Westchester. (ECF No. 89.)

## II.     Legal Standard

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 299 F.3d 1012, 1023–24 (11th Cir. 2000) (review reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, No. 04-20520-CIV, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). To obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.* "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.).

## III.    Analysis

### A. Whether a Statement of Values Applies to Flood Coverage

Aligned reiterates arguments made in its motion for summary judgment and opposition to Weschester's motion for summary judgment. Namely, that the Court must consider the policy as a whole in determining the scope of the flood coverage. (ECF No. 89 at 3.) With regard to Aligned's specific argument that the Earthquake and Volcanic Eruption Coverage Form references a Statement of Values and therefore the Flood Coverage Form's failure to mention a Statement of Values means that it does not apply, the Court finds this argument unpersuasive. The policy is a complicated and lengthy document. (*See* ECF No. 47-1.) There are a number of provisions that seem inconsistent if read in isolation and other provisions that remain opaque even when read in context. For example, the Earthquake and Volcanic Eruption Endorsement, which Aligned wants the Court to compare to the Flood Endorsement, states:

> For property or coverage that is subject to a Blanket Limit on Earthquake – Volcanic Eruption (as shown in

the Earthquake – Volcanic Eruption Coverage Schedule or in the Declarations), we will not pay more than we would pay in the absence of such Blanket Limit. Therefore, the maximum amount payable for any such item of property or coverage is the Limit of Insurance or stated value (**as shown in the Statement of Values on file with us**) specific to that item of property or coverage[.]

(ECF No. 47-1 at 93.) Here, the policy states that if there is blanket coverage, Westchester will not pay more than it would pay in the absence of blanket coverage and therefore the statement of values applies. The policy is reasserting the applicability of the statement of values *even when there is blanket coverage.* This section of the policy may actually bolster the Court's holding in its Order on the parties' cross motions for summary judgment: because flood coverage is not subject to blanket coverage, the policy does not need to clarify that the statement of values applies even when there is blanket coverage. But the Court does not find it helpful to look at other coverage provisions to understand the flood coverage because the inclusion or exclusion of some language creates more confusion than clarity in this instance.

Aligned also reiterates its arguments that (1) the statement of values is only applicable to those covered causes of loss contained in the causes of loss-special form; (2) certain language was removed from the Flood Declarations without Aligned's knowledge; and (3) that Aligned paid a significant premium for flood coverage. The Court did not find these arguments persuasive in the first instance nor are they persuasive on reconsideration.

### B. The Statement of Values and Westchester's Judicial Admission

Aligned also seeks reconsideration of the Court's ruling that the applicable statement of values is the following:

| Bldg No. | Property Type | Location Name | Real Property Value | Personal Property Value | BI/Rental Income | Total TIV | Occupancy Description |
|---|---|---|---|---|---|---|---|
| 1 | Building | Montys | $6,250,000 | $1,000,000 | $2,000,000 | $9,250,000 | Office/Restaurant |
| 2 | Outdoor Prop | Marina | $2,000,000 | | $1,000,000 | $3,000,000 | Docks/Piers/Marina |

(ECF No. 47-12.) In Westchester's Answer, Westchester stated that, "the Schedule of Values were included in a Commercial Insurance Application, which application was, on information and belief, signed by both the producer (insurance broker) and the applicant (the insured)." (ECF No. 27 at ¶ 20.) This admission contradicts the position taken by Westchester in its summary

judgment papers. Westchester's position is that the applicable statement of values was the one on file with Westchester, not the one attached to the application. Aligned argues that, given Westchester's admission in its Answer, the Court improperly put the burden on Aligned to refute the position taken by Westchester in its motion for summary judgment. (ECF No. 89 at 5.)

Westchester argues that this was an inadvertent admission and moved to amend its Answer. (ECF No. 65.) Judge Torres denied Westchester's motion to amend on June 3, 2019. (ECF No. 79.) Westchester's objections to Judge Torres's order were due on June 17, 2019, the same day the Court ruled on the cross-motions for summary judgment. Accordingly, the Court's order mooted any potential objections to Judge Torres's order. Westchester advised the Court that it prepared, but never filed, its objections to Judge Torres's order. (ECF No. 93 at n.10.)

Upon reconsideration, the Court finds that it should have fully resolved the issue of Westchester's admission and whether it should have been granted leave to amend. Accordingly, the Court vacates its holding as to Part B ("Which Statement of Values Applies") in its Order on the parties' cross-motions for summary judgment (ECF No. 86) and the Final Judgment in favor of Westchester (ECF No. 87.) The Court directs Westchester to file its Objections to Judge Torres's Order (ECF No. 79.) by **September 18, 2019**. Once the objections to Judge Torres's order are resolved, the parties will be directed to file renewed motions for summary judgment solely on the issue of which statement of value applies.[1]

### IV. Conclusion

Accordingly, the Court **grants in part and denies in part** the Plaintiff's motion for reconsideration and to vacate final judgment. **(ECF No. 89.)** The Court vacates its holding as to Part B in its Order and **vacates** the Final Judgment in favor of Westchester (**ECF No. 79**). The Court directs Westchester to file its Objections to Judge Torres's Order (ECF No. 79.) by **September 20, 2019**. The Defendant's motion to strike the motion for reconsideration is **denied as moot**. (**ECF No. 92**.) The Clerk is directed to **reopen** this case.

---

[1] Aligned requested that the Court vacate the Final Judgment during the pendency of the motion for reconsideration because, if allowed to stand, Aligned would have to file its notice of appeal before the motion was resolved. As correctly pointed out by Westchester, Aligned's motion for reconsideration filed pursuant to Federal Rule 59(e) and Rule 60(b) properly tolled the time for filing a notice of appeal. *See* Fed. R. App. P. 4(a)(4).

**Done and ordered** in chambers, at Miami, Florida, on September 12, 2019.

_____
Robert N. Scola, Jr.
United States District Judge