United States District Court
for the
Southern District of Florida

| Aligned Bayshore Holdings, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-21692-Civ-Scola |
| | ) | |
| Westchester Surplus Lines | ) | |
| Insurance Company, Defendant. | ) | |

### Order Adopting Magistrate Judge's Order

This matter is before the Court on Defendant's Objections to Magistrate Judge Torres' Order denying the Defendant's motion to amend its Answer and Affirmative Defenses. (ECF No. 112.) The Plaintiff has responded (ECF No. 117) and the Defendant timely replied. (ECF No. 120.) Upon consideration of the parties' briefs, the relevant legal authority, and the record, the Court affirms and adopts Judge Torres's Order.

I. **Background and Relevant Procedural History**

Westchester issued an insurance policy to Aligned that provided coverage for Aligned's windstorm and flood damage claims, including physical damage and business interruption to both Monty's Restaurant (the building) and the marina area. (ECF No. 6 at ¶ 7). On September 10, 2017, Aligned sustained losses due to the impacts of Hurricane Irma. (*Id.* at ¶ 8.) Aligned notified Westchester of its losses but Westchester, according to the complaint, did not promptly pay all covered losses to Aligned. (*Id.* at ¶¶ 9-11.) Aligned alleges that its damages exceed $15.5 million, with the majority of the damage sustained by the marina. (ECF No. 49 at ¶ 35.) Westchester has paid over $3 million in insurance claims to Aligned. (ECF No. 48 at 4.)

Aligned alleges in its breach of contract claim that Westchester willfully misinterpreted the insurance policy by (1) imposing limits on flood coverage where the policy provides for blanket flood coverage and (2) improperly relying on an unverified statement of values to cap its coverage. (*See id.* at ¶ 19–20.) Westchester maintains that it properly interpreted the contract and has paid out the policy maximum under the insurance policy's flood coverage and operative statement of values. (ECF No. 48 at 1.)

The parties cross moved for summary judgment. (ECF Nos. 48 and 49.) The Court entered an order granting the Defendant's motion for partial summary judgment and held that the flood coverage was *not* blanket coverage and was

subject to a statement of values. (ECF No. 86 at 5.) On the second issue, the Court held that the applicable statement of values ("SOV") was the AmRisc form created by Glenn Peterson, not the Premises Schedule included in Aligned's insurance application. (*Id.* at 8.)

On reconsideration, the Court vacated Part B of its Summary Judgment Order regarding which statement of values applied. (ECF No. 109 at 4.) The basis for the Court's decision was Westchester's "inadvertent" admission in its Amended Answer and Affirmative Defenses. (*Id.*) In its motion for reconsideration, Aligned argued that Westchester's Answer admitted that the operative statement of values was included in the Commercial Insurance Application and it was not Aligned's burden to prove otherwise. (Defendant's Amended Answer at ¶ 20, ECF No. 27.) In response, Westchester argued that it moved to amend its Answer when it realized its mistake, but Judge Torres denied its motion to amend. This Court ruled on the motions for summary judgment before any objections to Judge Torres's order were ever filed. Accordingly, the Court determined, on reconsideration, that it should fully resolve the issue of Judge Torres's order and Westchester's admission. Westchester's objections to Judge Torres's order are now properly before this Court.

## II. Standard of Review

The parties disagree on which standard of review should apply. The denial of a leave to amend a pleading is typically non-dispositive and therefore subject to a "clearly erroneous" or "contrary to law" standard of review. *Palmore v. Hicks*, 383 F. App'x 897, 899-100 (11th Cir 2010). However, the Defendant argues that because the Magistrate Judge's denial forecloses a claim or defense, it is dispositive in nature and should be reviewed de novo. (ECF No. 112 at 11.) In response, the Plaintiff argues that the order's effect should not determine the standard of review because any order on a non-dispositive motion could later affect a dispositive issue. (ECF No. 117 at 4-5.)

"It is unclear what standard of review should apply to the Magistrate Judge's [order] denying leave to amend. . . and it does not appear that the Eleventh Circuit has considered this question." *Waters v. AIG Claims, Inc.*, No. 17-cv-133-WKW, 2018 WL 2986213, at *2 (M.D. Ala. June 14, 2018). However, the Court need not decide this issue because the Magistrate Judge's Order is correct even if the Court conducts a de novo review, the less deferential standard. *See id.* at *3. *See also Action Nissan, Inc. v. Hyundai Motor America,* 06-cv-1747, 2008 WL 11336609, at *2 (M.D. Fla. Aug. 6, 2008) ("Even assuming the *de novo* standard applies, the Court has reviewed the relevant record and concludes that Judge Spaulding's reasoning and conclusions are correct for the reasons stated below.").

### III. Analysis

The Defendant's motion for leave to amend its Answer and Affirmative Defenses was filed on May 3, 2019 (ECF No. 65), eight months after the Court's deadline to amend pleadings. (ECF No. 29.) When a party files a motion for leave to amend a pleading after the applicable scheduling deadline has passed, the party is in effect seeking to modify the Court's scheduling order. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Therefore, the appropriate standard is "good cause" found in Federal Rule of Civil Procedure 16(b). *Id.* "Lack of diligence in pursuing a claim is sufficient to show lack of good cause." *Donley v. City of Morrow*, 601 F. App'x 805, 811 (11th Cir. 2015). A party lacks diligence when, prior to the deadline to amend, he had full knowledge of the information with which he later sought to amend his pleading. *Id.* "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry[.]" *Sanchez v. H&R Maint., LC*, 294 F.R.D. 677, 679 (S.D. Fla. 2013) (Cooke, J.).

The Defendant's motion for leave to amend fails to cite Rule 16(b) or directly address the issue of good cause. (ECF No. 65.) In its motion, the Defendant argues that it did not become aware of its inadvertent admission until Aligned filed its response to the Defendant's motion for summary judgment. (ECF No. 65 at 1.) The Defendant further argues that the statement has since been disproved by discovery. (*Id.* at 2.)

The Court finds that the Defendant's failure to discover this "mistake" until Aligned brought it to their attention demonstrates a lack of diligence. The Defendant amended its original Answer to add the language that is currently at issue. (*Compare* ECF No. 21 at ¶ 20 *and* ECF No. 27 at ¶ 20.) The parties' depositions probed this issue and the Defendant moved for summary judgment on this question. The Defendant's failure to refer back to its Answer during the course of the litigation and discover the error shows a lack of diligence. Moreover, the Defendant continues to carelessly refer to the "SOV" without specifying *which* SOV it is referencing. For example, in its Objections to the Magistrate's Order, currently before the Court, the Defendant states: "This inadvertent mistake appears to have been compounded by the fact that the SOV was submitted by Glenn Peterson as an attachment to an e-mail dated March 8, 2017[.]" (ECF No. 112 at 17.) The Court can infer which SOV the Defendant is referring to, but these types of careless mistakes unnecessarily complicate and confuse the issues before the Court.

The Court agrees with the Defendant that the parties were likely operating under the impression that the question of which statement of values applied was at issue throughout the case. Aligned did not even raise the Defendant's

inadvertent admission in its motion for summary judgment and instead argued the statement of values issue on the merits. (ECF No. 49 at 16-17.) The Court finds, however, that the Defendant lacked diligence in discovering this sooner, and therefore must deny the motion for leave to amend. *Sanchez*, 294 F.R.D. at 680 ("Having determined that [defendant] lacked diligence in discovering and utilizing the information that forms the basis for seeking leave to amend, the good cause inquiry required by Rule 16(b) ceases.").

### IV. Conclusion

Accordingly, the Court **affirms and adopts** the Magistrate Judge's Order. (**ECF No. 79**) and **overrules** the Defendant's objections (**ECF No. 112**). The Defendant's motion for leave to amend is denied. (ECF No. 65.) The parties are **directed** to file any dispositive motions on the remaining issue in this case by **December 6, 2019**.

**Done and ordered** in chambers at Miami, Florida on November 14, 2019.

Robert N. Scola, Jr.
United States District Judge