United States District Court
for the
Southern District of Florida

| Aligned Bayshore Holdings, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-21692-Civ-Scola |
| | ) | |
| Westchester Surplus Lines | ) | |
| Insurance Company, Defendant. | ) | |

**Order on Parties' Renewed Cross-Motions for Summary Judgment**

This matter is before the Court on the parties' renewed motions for summary judgment. (ECF Nos. 125, 126.) The motions are fully briefed and ripe for the Court's review. Upon careful review, the Court **grants** Plaintiff's motion for summary judgment **(ECF No. 125)** and **denies** the Defendant's motion for summary judgment (**ECF No. 126**).

I. **Background and Procedural History**

Defendant Westchester Surplus Lines Insurance Company ("Westchester") issued an insurance policy to Plaintiff Aligned Bayshore Holdings ("Aligned") that provided coverage for Aligned's windstorm and flood damage claims, including physical damage and business interruption to both Monty's Restaurant (the building) and the marina area. (ECF No. 6 at ¶ 7). On September 10, 2017, Aligned sustained losses due to the impacts of Hurricane Irma. (*Id.* at ¶ 8.) Aligned notified Westchester of its losses but Westchester, according to the complaint, did not promptly pay all covered losses to Aligned. (*Id.* at ¶¶ 9-11.) Aligned alleges that its damages exceed $15.5 million, with the majority of the damage sustained by the marina. (ECF No. 49 at ¶ 35.) Westchester has paid over $3 million in insurance claims to Aligned. (ECF No. 48 at 4.)

Aligned alleges in its breach of contract claim that Westchester willfully misinterpreted the insurance policy by (1) imposing limits on flood coverage where the policy provides for blanket flood coverage and (2) improperly relying on an unverified statement of values to cap its coverage. (*See id.* at ¶ 19–20.) Westchester maintains that it properly interpreted the contract and has paid out the policy maximum under the insurance policy's flood coverage and operative statement of values. (ECF No. 48 at 1.)

The parties cross moved for summary judgment. (ECF Nos. 48 and 49.) The Court entered an order granting the Defendant's motion for summary judgment and held that the flood coverage was *not* blanket coverage and was

subject to a statement of values. (ECF No. 86 at 5.) On the second issue, the Court held that the applicable statement of values ("SOV") was the AmRisc form created by Glenn Peterson, not the Premises Schedule included in Aligned's insurance application. (*Id.* at 8.)

On reconsideration, the Court vacated Part B of its Summary Judgment Order regarding which statement of values applied. (ECF No. 109 at 4.) The basis for the Court's decision was Westchester's admission in its Amended Answer and Affirmative Defenses. (*Id.*) In its motion for reconsideration, Aligned argued that Westchester's Answer admitted that the operative statement of values was included in the Commercial Insurance Application and it was not Aligned's burden to prove otherwise. (Defendant's Amended Answer at ¶ 20, ECF No. 27.) In response, Westchester argued that it moved to amend its Answer when it realized its mistake, but Judge Torres denied its motion to amend. This Court ruled on the motions for summary judgment before any objections to Judge Torres's order were ever filed. Accordingly, the Court determined, on reconsideration, that it should fully resolve the issue of Judge Torres's order and Westchester's admission.

The Court adopted Judge Torres's order and denied Westchester's motion for leave to amend its Answer. (ECF No. 122.) At the Court's direction, the parties filed renewed motions for summary judgment on the narrow issue of which statement of values applies. The parties' motions are now ripe for the Court's review.

## II. Legal Standard

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. In reviewing a motion for summary judgment, the Court must "view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (quoting *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1143 (11th Cir. 2007)). So, when a conflict arises between the facts presented by the parties, the Court must credit the nonmoving party's version. *Id.* The moving party bears the burden of proof to demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

## III. Analysis

The parties cross-move for summary judgment on the issue of which statement of values applies to flood coverage. (ECF Nos. 125, 126.) Westchester maintains that the applicable statement of values is the AmRisc SOV created by Glen Peterson. (ECF No. 126 at 4.) Aligned asserts that it never received the AmRisc SOV and the correct statement of values is the Premises schedule submitted with Aligned's commercial insurance application. (ECF No. 125 at 9.) Aligned argues that Westchester's Answer and Affirmative Defenses admitted that the applicable statement of values was the one included in Aligned's commercial insurance application. (*Id.* at 4.) Because this is a judicial admission, Westchester is bound by its admission. Upon careful review, the Court agrees with Aligned.

"The general rule is that a party is bound by the admissions in his pleadings." *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1177 (11th Cir. 2009) (citations and quotations omitted). "Indeed, facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." *Id.* at 1178. "Moreover, once a judicial admission is made, the subject matter ought not be reopened in the absence of a showing of exceptional circumstances, but a court, unquestionably, has the right to relieve a party of his judicial admission if it appears that the admitted fact is clearly untrue and the party was laboring under a mistake when he made the admission." *Castellanos v. Portfolio Recovery Assocs.*, 297 F. Supp. 3d 1301, 1311 (S.D. Fla. 2017) (Ungaro, J.).

Here, Westchester's Answer and Affirmative Defenses states the following:

> 19) …Although loss or damage caused by Flood is covered, it is subject to all other applicable policy provisions, including the limits contained in the Schedule of Values. In further response to this allegation, the Schedule of Values were included in a Commercial Insurance Application, which application was, on information and belief, signed by both the producer (insurance broker) and the applicant (the insured). All remaining allegations are denied.
>
> 20) Denied. In further response to this allegation, the Schedule of Values were included in a Commercial Insurance Application, which application was, on information and believe, signed by both the produce (insurance broker) and the applicant (the insured).

(ECF No. 27 at 4.)

### NINTH AFFIRMATIVE DEFENSE

> Defendant issued payment of policy limits pursuant to the Statement of Values on file with the Company which limits are expressly contained in a Commercial Insurance Application, which on information and belief was signed by the insured.

(*Id.* at 11.)

Westchester unequivocally and repeatedly stated that the applicable statement of values was the one included in the Commercial Insurance Application. Westchester argues that those statements were made "to point out that Aligned Bayshore was aware of the limits set forth in the applicable AmRisc SOV and had knowledge of those limits." (ECF No. 130 at 4.) But Westchester has never asserted that the AmRisc SOV was attached to the Commercial Insurance Application. (*See* ECF No. 126 at 4-5.) Moreover, in its motion to amend "inadvertent statement made in its Amended Answer," Westchester admits that these statements were "inadvertently made" and "inaccurate." (ECF No. 65 at 1.) To now argue that it actually meant something else or that it could be referring to another document is disingenuous. "Defendant offers no reason whatsoever, much less shows exceptional circumstances, warranting relief from Defendant's judicial admission." *Castellanos*, 297 F. Supp. 3d at 1311.

Moreover, there is no evidence that Westchester was "laboring under a mistake when [it] made the admission." *Id.* Westchester amended its original Answer to *add* the language that is currently at issue. (*Compare* ECF No. 21 at ¶ 20 *and* ECF No. 27 at ¶ 20.) The parties' depositions probed this issue and the parties moved for summary judgment on this question. It was not until *after* the issue was raised in the summary judgment briefing that the Defendant moved to amend its Answer to retract its admission. The Defendant cannot attempt to amend its statement to avoid summary judgment. *See United States v. Bayless*, No. 16-2757-T33MAP, 2017 WL 882109, at *5 (M.D. Fla. Mar. 6, 2017) ("requests to amend should be denied when they are designed to avoid an impending adverse summary judgment"). Nor can the Defendant put forth evidence in an attempt to contradict its admission. *See Columbus Bank & Trust Co. v. McKenzie Trucking & Leasing LLC*, No. 07-cv-189, 2009 WL 3526648, at *9 (M.D. Ga. Oct. 23, 2009) ("By [defendant's] admission in his Answer, this fact has been conclusively established. Thus, [defendant's] subsequent attempt to controvert this undisputed fact is unavailing."). The Defendant's judicial admission took the issue out of contention. Accordingly, the Plaintiff has met his burden of

establishing that there are no disputed issues of fact regarding the applicable statement of values. *See id.*

## IV. Conclusion

Accordingly, the Court **grants** Plaintiff's motion for summary judgment **(ECF No. 125)** and **denies** the Defendant's motion for summary judgment (**ECF No. 126**). The Court also **denies as moot** the Defendant's motion to strike the affidavit of Jose Hevia (**ECF No. 141**) and the Plaintiff's motion to strike the affidavit of Kimberly Tarver (**ECF No. 144**) as the Court did not rely on these affidavits in ruling on the parties' motions.

The parties have not moved on the issue of damages, if any, owed to Aligned. Accordingly, this Order does not dispose of the case. The Court will therefore set this case for trial by separate order on the remaining issue of damages and any unresolved affirmative defenses.

**Done and ordered** in chambers at Miami, Florida on February 5, 2020.

_____
Robert N. Scola, Jr.
United States District Judge