United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Aligned Bayshore Holdings, LLC, Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 18-21692-Civ-Scola<br>) |
| Westchester Surplus Lines Insurance Company, Defendant. | )<br>)<br>) |

### Order to Show Cause Why This Case Should Not Be Dismissed for Lack of Subject Matter Jurisdiction

This matter is before the Court upon an independent review of the record. "As federal courts, we are courts of limited jurisdiction, deriving our power solely from Article III of the Constitution and from the legislative acts of Congress," and "we are bound to assure ourselves of jurisdiction even if the parties fail to raise the issue." *Harris v. United States*, 149 F.3d 1304, 1308 (11th Cir. 1998). In addition, "a jurisdictional defect cannot be waived by the parties and may be raised at any point during litigation." *Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005). Plaintiff Aligned Bayshore Holdings, LLC, sued Defendant Westchester Surplus Lines Insurance Company, in federal court on the basis of diversity jurisdiction. (Am. Compl., ECF No. 6 at ¶ 2.) For the reasons stated below, it is unclear whether the Court has subject matter jurisdiction.

District courts "ha[ve] diversity jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000." *Shanyfelt v. Wachovia Mortg. FSB*, 439 F. App'x 793, 793 (11th Cir. 2011) (citing 28 U.S.C. § 1332(a)). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). According to the complaint, the Defendant is a citizen of Georgia and Pennsylvania. (ECF No. 6 at ¶ 4.) However, the allegations concerning the multiple citizenships of the Plaintiff indicate that the Court lacks subject matter jurisdiction.

"To sufficiently allege the citizenships of . . . unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Here, one of the members of the Plaintiff is Luma Properties Marina, LLC, and Luma Properties Marina, LLC, has various members. One of Luma Properties Marina, LLC's members "is a United State[s] citizen presently residing in Switzerland," and another of Luna

Properties Marina LLC's members is Schwieger Family Naples, LLC, whose members also include "a United State[s] citizen presently residing in Switzerland." (ECF No. 6 at ¶ 5.c.) As a result, it appears that the Plaintiff's citizenship status runs afoul of the rule that "U.S. citizens domiciled abroad are neither 'citizens of a State' under § 1332(a) nor 'citizens or subjects of a foreign state' and therefore are not proper parties to a diversity action in federal court." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011). As courts in the Eleventh Circuit have held, "American citizens domiciled abroad are considered 'stateless,' meaning that they are not a 'citizen of a State' because they are not domiciled within a state." *Foisie v. Biss*, No. 19-14143-CIV, 2019 WL 5260252, at *2 (S.D. Fla. July 30, 2019) (Maynard, Mag. J) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 109 S.Ct. 2218, 2221 (1989)), *report and recommendation adopted*, No. 2:19-CV-14143, 2019 WL 5260125 (S.D. Fla. Aug. 26, 2019) (Rosenberg, J.). Additionally, because the Court must consider the citizenship (or lack thereof) of all of the Plaintiff's members, the citizenship of some of the Plaintiff's members does not negate the apparent statelessness of another one of the Plaintiff's members. *See Orchid Quay, LLC v. Suncor Bristol Bay*, LLC, 178 F. Supp. 3d 1300, 1307 (S.D. Fla. 2016) (Marra, J.) (explaining that a limited liability company can be "just as 'stateless' as it is 'stateful'") (citation omitted).

Accordingly, it is hereby **ordered** that by **May 15, 2020**, the Plaintiff shall show cause by memorandum why this matter should not be dismissed for lack of subject matter jurisdiction. The memorandum shall not exceed seven pages. If the Plaintiff fails to show that this Court has subject matter jurisdiction, this case may be dismissed without prejudice.

**Done and ordered**, at Miami, Florida, on May 8, 2020.

_____
Robert N. Scola, Jr.
United States District Judge